IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEONTE' FRAZIER, #Y16405,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-02872-MAB |
| ) | |
| **ILL. DEPT. OF CORR'S,** ) | |
| **ROB JEFFRIES,** ) | |
| **and VERNON DEWITT,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Deonte' Frazier, an inmate in the Illinois Department of Corrections (IDOC), filed this lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Vandalia Correctional Center[1] (Vandalia) stemming from his denial of clean underwear. He seeks monetary relief.

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A.[2] Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] Plaintiff advised the Court that he was released from IDOC custody on July 5, 2023 (Doc. 13).
[2] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

## THE COMPLAINT

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 6-15): While housed at Vandalia on August 7, 2022, Plaintiff was issued used underwear that was stained with urine and other substances. Two days after wearing the dirty boxers, Plaintiff developed a rash, bumps, and sores that caused scarring. *Id*. at 6. He filed an emergency grievance seeking new underwear to replace the dirty ones on or around August 15, 2022. *Id*. at 10-11. Warden Vernon DeWitt denied the grievance as a non-emergency. *Id*. Plaintiff resubmitted the grievance using the normal grievance procedure, but it was also denied. *Id*. at 8, 10. Plaintiff was informed that the prison's policy authorizes new "whites" once every six months. *Id*. at 8. Plaintiff received new underwear pursuant to this policy when he arrived at the prison on June 16, 2022, so he was ineligible for new underwear before December 16, 2022. *Id*. Until then, Plaintiff had the option of accepting state-issued used underwear or purchasing new underwear from the prison's commissary. *Id*. Plaintiff did not have sufficient funds to purchase new underwear and accepted another set of used underwear on or around September 9, 2022. On this basis, his grievance was denied as resolved, and Warden DeWitt concurred with the decision. *Id*. Plaintiff's appeal was denied. *Id*. at 12-15.

## PRELIMINARY DISMISSALS

Plaintiff names three defendants in the Complaint: (1) the IDOC; (2) IDOC Director Jeffries; and (3) Warden DeWitt. He cannot sue the IDOC or IDOC Director, in an official capacity, for money damages under § 1983. The state agency and its director are not "persons" under § 1983. *Wills v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Both

enjoy Eleventh Amendment immunity from a suit for money damages. *Quern v. Jordan*, 440 U.S. 332, 342 (1979); *Joseph v. Bd. of Regents of University of Wisconsin*, 432 F.3d 746, 748 (7th Cir. 2005). Plaintiff brings no official capacity claim against Warden DeWitt. Given this, all official capacity claims against the defendants shall be dismissed.

## DISCUSSION

Turning to the allegations, the Court finds it convenient to designate a single count in the *pro se* Complaint:

**Count 1:** Eighth Amendment claim against Defendants for issuing Plaintiff used underwear on one occasion that caused him to develop a rash, bumps, sores, and scars at Vandalia Correctional Center.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

## COUNT 1

The Eighth Amendment prohibits cruel and unusual punishment of convicted persons. U.S. CONST., amend. VIII. When a prisoner brings an Eighth Amendment claim for unconstitutional conditions of confinement under § 1983, the Court first considers whether the adverse conditions are "sufficiently serious," from an objective standpoint, and then considers whether each defendant responded to the conditions with deliberate indifference, from a subjective standpoint. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). The allegations must satisfy the objective and subjective components of this claim to survive screening.

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face").

A.      **Objectively Serious Deprivation**

Conditions of confinement violate the Eighth Amendment when they deprive an inmate of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Examples of conditions that satisfy this standard include a lack of clothing, medical care, or proper sanitation. *Gills v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions that do not violate the Eighth Amendment when standing alone may do so in combination, such as a lack of heat when combined with frigid temperatures and no alternative means of keeping warm. *Id*. Finally, conditions endured over time may also rise to the level of an objectively serious condition, even if the same conditions would not satisfy this standard when endured for a short time period. *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997).

Plaintiff's claim arises from his issuance of dirty boxers on one occasion, resulting in a rash, sores, and scars. The Seventh Circuit has not explicitly stated whether the issuance of dirty underwear violates the Constitution. *See Passman v. Josephson*, 376 F. Supp. 3d 874 (N.D. Ill. 2019). However, other courts have determined that this does not amount to a sufficiently serious deprivation. *See id*. (citing *Crawford v. Caddo Corr. Ctr.*, No. 5:14-cv-3198, 2015 WL 3622689, at *3 (W.D. La. June 9, 2015) (no Eighth Amendment injury despite plaintiff's allegations that he "received boxer shorts with feces stains in the rear and unidentifiable stains in the front" that caused "jock-itch serious enough to cause bleeding"); *Sandstrom v. Hoffer*, No. 08-3245-SAC, 2011 WL 4553067, at *4 (D. Kan. Sept. 29, 2011) (no Eighth Amendment claim stated where plaintiff alleged that he was issued "laundered but stained underwear"); *Tapp v. Proto*, 718 F. Supp. 2d 598, 619 (E.D. Pa. 2010)

(inmate forced to wear dirty, torn, and stained underwear articulated no constitutional injury). And, the Seventh Circuit has affirmed dismissal of an Eighth Amendment claim stemming from long-term exposure to inadequately washed, stained clothing where no physical reaction or disease was alleged. *Myers v. Indiana Dep't of Corr.*, 655 F. App'x 500, 504 (7th Cir. 2016) (four years of exposure to improperly laundered clothing stated no claim, absent allegations of adverse medical condition or exposure to residue that might transmit disease).

At the same time, the Court has acknowledged that an inmate's prolonged exposure to soiled clothing might create a "constitutionally intolerable risk of serious injury," particularly where the clothing contains residue that transmits serious disease. *Myers*, 655 F. App'x at 504. Various other claims alleging exposure to human waste have survived screening and summary judgment. *See Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (per curiam) (summarizing cases).

In considering the facts of this case, Plaintiff's statement of claim is extremely bare bones and provides the Court with little detail. Although he alleges he was issued used underwear that was stained with urine and other substances, he does not indicate whether he was exposed to any sort of disease transmitting residue nor does he describe any resulting disease that occurred from his exposure. While Plaintiff does indicate he developed an itchy rash after his exposure, he does not indicate whether he ever received a diagnosis or treatment for the rash. On the limited set of facts, its difficult to say whether Plaintiff has alleged an objectively serious condition. However, the Court need not decide this issue because Plaintiff has clearly and unequivocally failed to satisfy the subjective

5

component of his deliberate indifference claim as outlined below and his Complaint will therefore be dismissed for this reason.

**B.     Deliberate Indifference**

Deliberate indifference is shown by a prison official who knew of and disregarded an excessive risk of harm to the inmate. *Farmer*, 511 U.S. at 834. Under § 1983, individual defendants are only "responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). A defendant may not be held liable under § 1983 on a *respondeat superior* theory of liability, and there is no vicarious liability. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Plaintiff must instead allege that each individual defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014).

Plaintiff fails to set forth any allegations against the three defendants in the statement of his claim. The Court is thus unable to discern what role any individual defendant played in a constitutional deprivation. This means Plaintiff has failed to demonstrate that any of the individual defendants responded to him with deliberate indifference.

The Court's review of the exhibits reveals limited references to only one defendant: Warden DeWitt. The warden denied Plaintiff's emergency grievances as a non-emergency and concurred with the decision to deny the grievance once it was resubmitted through normal channels. No allegations suggest that the warden served as the clothing supply room supervisor, laundry room supervisor, or member of the team responsible for washing or issuing prisoner clothing. Nor is there any suggestion that

6

Warden DeWitt was aware that inmates were issued dirty underwear. The warden's involvement in the grievance process, alone, does not provide a basis for or a deliberate indifference claim to proceed against him. *See Myers*, 655 F. App'x at 504 (affirming dismissal of two officers involved in the grievance process who were not personally involved in providing laundry services).

Moreover, Plaintiff fails to draw any connection between the prison policy at issue and the warden. Vandalia's policy allows inmates access to new underwear once every six months. Plaintiff does not allege that the warden played any role in creating, implementing, or enforcing this policy and does not suggest that this policy served as the driving force behind the constitutional deprivation. Plaintiff presumably received the dirty boxers as a result of a non-party's negligent, reckless, or intentional misconduct and not the policy identified by Plaintiff.

For these reasons, the Complaint, including Count 1, shall be dismissed without prejudice for failure to state a claim against any defendants.

## DISPOSITION

Following review under 28 U.S.C. § 1915A, the Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim for relief. Plaintiff is **GRANTED** leave to file a First Amended Complaint by **October 24, 2023.**

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District and complete all sections of the form. **He should label the form "First Amended Complaint" and use the case number for this action (Case No. 22-cv-2872-MAB)**. The First Amended Complaint

7

will be subject to review under 28 U.S.C. § 1915A. Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (A successful complaint generally alleges "the who, what, when, where, and how. . . ."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading.

**If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed without prejudice for failure to comply with a court order and for failure to prosecute his claims.**

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. <u>**Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this**</u>

**action for want of prosecution**. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: September 26, 2023

/s/ Mark A. Beatty
MARK A. BEATTY
**United States Magistrate Judge**