IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEONTE' FRAZIER, #Y16405, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-02872-MAB |
| ) | |
| VERNON DEWITT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is now before the Court for preliminary review of the Amended Complaint filed by Plaintiff Deonte' Frazier on October 24, 2023. (Doc. 18). Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations stemming from the denial of clean underwear at Vandalia Correctional Center (Vandalia). He seeks monetary relief. *Id*. at 7.

This case is now before the Court for preliminary review of the Amended Complaint under 28 U.S.C. § 1915A.[1] Any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] The Court has jurisdiction to screen the Amended Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

**AMENDED COMPLAINT**

Plaintiff sets forth the following allegations in the Amended Complaint (Doc. 18, pp. 6-9): While incarcerated at Vandalia on August 7, 2022, Plaintiff's underwear ripped while he was exercising. He requested new boxers and received three pairs that were "used, stained with urine and other substances." *Id*. at 6. When he pointed this out and requested new undergarments, Plaintiff was instructed to "take them, buy some, or take none." *Id*. At the time, Plaintiff lacked sufficient funds to purchase new underwear, so he had to wear the used ones. Two days later, he developed an itchy rash, sores, and bumps that left scars. *Id*.

Plaintiff filed an emergency grievance with Warden DeWitt dated August 12, 2022 and received August 15, 2022. *Id*. at 1, 6, 8-9. In it, Plaintiff advised the warden that he received dirty underwear and lacked the funds necessary to purchase new ones. *Id*. Warden DeWitt denied the grievance as a non-emergency on August 17, 2022, and instructed Plaintiff to submit it through normal channels. *Id*. at 8.

When he did so, Plaintiff's grievance was denied on August 31, 2022. *Id*. The grievance counselor explained that "new whites" are distributed every six months or available for purchase from commissary, and used items are "properly washed and sanitized through state laundry." *Id*.

**DISCUSSION**

The Court designates one count in the *pro se* Amended Complaint:

**Count 1:**   Eighth Amendment claim against Warden DeWitt for issuing Plaintiff used underwear on one occasion that caused him to develop a rash, bumps, sores, and scars at Vandalia

Correctional Center.

**Any claim that is mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### COUNT 1

When presented with an Eighth Amendment claim for unconstitutional conditions of confinement under 42 U.S.C. § 1983, the Court considers whether the conditions are sufficiently serious (*i.e.*, objective standard) and whether each defendant responded to the conditions with deliberate indifference (*i.e.*, subjective standard). *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). The allegations must satisfy both components of this claim.

**A.  Objectively Serious Deprivation**

Dirty underwear, alone, is not sufficiently serious to support an Eighth Amendment claim. *See Passman v. Josephson*, 376 F. Supp. 3d 874 (N.D. Ill. 2019). Prolonged exposure to soiled clothing may state a claim, however, where the clothing contains residue that transmits serious disease. *Myers v. Indiana Dep't of Corr.*, 655 F. App'x 500, 504 (7th Cir. 2016). Plaintiff's allegations describe a temporary exposure to dirty underwear with no accompanying serious consequences such as the transmission of a disease.

Plaintiff also omits basic details about this deprivation. The claim stems from one pair of torn underwear that was replaced by three pairs of dirty boxers. It is not clear to the Court whether Plaintiff possessed one pair of clean underwear on the date his boxers

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face").

were torn. Or, perhaps he had more? It is likewise unclear to the Court how many days or how many hours even that Plaintiff wore the stained underwear in total. Nor does Plaintiff indicate whether the dirty undergarments were eventually cleaned and if so, when this occurred. Finally, Plaintiff omits any information about whether he sought a diagnosis or treatment for the rash he mentioned. The Amended Complaint is sparse on detail and based on Plaintiff's allegations, the Court can only conclude that the prison-issued underwear caused nothing more than a temporary discomfort.

**B.     Deliberate Indifference**

The subjective component of this claim is satisfied by a prison official who knew of and disregarded an excessive risk of harm to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under § 1983, a defendant is "responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Plaintiff has named a high-ranking official as the only defendant, and he describes no deliberate indifference on the part of this person--Warden DeWitt.

The warden's only role in this matter was to review Plaintiff's emergency grievance. Warden DeWitt reviewed the grievance two days after receiving it, deemed it a non-emergency, and instructed Plaintiff to resubmit it using the normal grievance procedure. (Doc. 18, pp. 8-9). The warden's involvement in the grievance process, alone, provides inadequate grounds for an Eighth Amendment claim against this defendant. *See Myers*, 655 F. App'x at 504 (affirming dismissal of two officers involved in the grievance process who were not personally involved in providing laundry services). Plaintiff does not allege or suggest that the warden served as the clothing supply room supervisor,

4

laundry room supervisor, or a team member responsible for washing and issuing prisoner clothing. He also draws no connection between the warden, the prison's "new whites" policy, and his alleged constitutional deprivation. Here again, Plaintiff offers fewer allegations in support of his claim than he included in the original Complaint.

The Amended Complaint, including Count 1, shall be dismissed without prejudice against Warden DeWitt. Plaintiff shall have **one final opportunity** to amend the complaint before this case is dismissed. If he chooses to amend, Plaintiff must comply with the deadline and instructions below.

### DISPOSITION

Following review under 28 U.S.C. § 1915A, the Amended Complaint (Doc. 18) is **DISMISSED without prejudice** for failure to state a claim for relief. Plaintiff is **GRANTED** leave to file a Second Amended Complaint by **November 21, 2023.** To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

Plaintiff is **WARNED** that if he fails to file a Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and for failure to prosecute his claims. *See* FED. R. CIV. P. 41. Dismissal shall also result in the assessment of a "strike." *See* 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after

5

a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: October 31, 2023**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**